# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TAI LOYD TIBBETTS, | ) |
| Plaintiff, | ) 2:08-CV-1593 RCJ-PAL |
| vs. | ) |
| DISTRICT COURT FAMILY DIVISION, CLARK COUNTY, NEVADA, *et al.* | ) **ORDER AND REPORT OF FINDINGS OF FACT AND RECOMMENDATION** |
| Defendants. | ) (IFP Application - Dkt. #1) |

Plaintiff Tai Loyd Tibbetts ("Plaintiff") is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis, and he submitted a complaint on November 17, 2008. This matter was referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) as well as Local Rule IB 1-3 and 1-4.

**I.     In Forma Pauperis Application (Dkt. #1)**

Plaintiff has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security for them. Accordingly, his request to proceed in forma pauperis will be granted pursuant to 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.    Screening the Complaint Pursuant to 28 U.S.C. § 1915(e).**

The Court must screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e). When a court dismisses a complaint under this section, the plaintiff should be given leave to amend the complaint with directions regarding curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. North Star Intern. v. Arizon Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. Russel v. Landrieu 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curium).

Plaintiff's complaint in the instant case attempts to state claims under 42 U.S.C. § 1983, alleging violations of Plaintiff's Fourteenth Amendment right to due process. To state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988) (citation omitted). States and state officers sued in their official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not be sued under the statute. Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989). Section 1983 does allow suits against state officers in their individual capacities. Hafer v. Melo, 502 U.S. 21, 26 (1991).

**Plaintiff's Claims and Anaylsis.**

This case arises out of Plaintiff's allegations that his brother, a "CCSD Police Officer," applied for and received a temporary protective order in Nevada state court, which prohibited Plaintiff from being within one hundred yards of his mother or their home. See Complaint at p. 5. Plaintiff also alleges that his brother received temporary guardianship of his mother, Shizu Tibbets. Id. at 4. Plaintiff alleges that he was never served with a copy of the temporary protective order. However, Plaintiff's Complaint acknowledges that he had notice of the proceedings related to the protective order and guardianship because it states that he appeared at certain proceedings. The temporary protective order was extended in duration for one year, and Plaintiff states that he was never served with the extended protective order, and he was not on notice of the extension. Plaintiff alleges that, as a result of this lack of notice, he was arrested for violating the temporary protective order and had contempt of court proceedings initiated against him by his brother, Defendant Tibbetts.

**1.      Claims Against Judicial Defendant.**

Plaintiff's Complaint names Teri Lee Tibbets and the Clark County District Court Family Division; however, the allegations in the Complaint relate to Teri Lee Tibbets and Jon Norheim, Guardianship Commissioner for the Clark County District Court. The Complaint names Defendant Norheim in both his individual and official capacity and alleges he took various actions or failed to act appropriately in a state court cases initiated by Plaintiff's brother, Defendant Teri Lee Tibbetts. It appears that Plaintiff is seeking federal relief to address his dissatisfaction with the manner in which the state court case was handled by Commissioner Norheim.

Plaintiff's allegations against Commissioner Norheim fail to state a claim upon which relief can be granted. His claim involves actions taken by Commissioner Norheim in his judicial capacity. As a result, Commissioner Norheim is absolutely immune from suit. The United States Supreme Court has repeatedly held that judges and those performing quasi-judicial functions are absolutely immune from damages for acts performed within their judicial capacities. Stump v. Sparkman, 435 U.S. 349, 360 (1978); Nixon v. Fitzgerald, 457 U.S. 731, 766 (1982). Defendant Norheim's role in the Clark County District Court is judicial in nature, and Plaintiff's complaint, therefore, fails to state a claim upon which relief can be granted against Commissioner Norheim, and the court will recommend dismissal.

**2.      Claims Against Other Defendants.**

Plaintiff also names his brother, Teri Lee Tibbetts, as a defendant. Although Plaintiff's brother is alleged to be a "CCSD Police Officer," Plaintiff has failed to allege that Defendant Tibbetts acted under color of state law in initiating proceedings for a temporary protective order in the Clark County District Court, Family Division. Plaintiff also fails to allege that he was deprived of any right guaranteed by the federal constitution, and therefore the Complaint does not state a claim under 42 U.S.C. § 1983. Plaintiff also fails to make any allegations that the District Court of Clark County committed any wrongdoing. Thus, Plaintiff has failed to state any claim at all regarding these Defendants. Therefore, the court will recommend dismissal of Plaintiff's claims against the District Court of Clark County and Defendant Tibbetts.

///

///

Based upon the foregoing,

**IT IS ORDERED**:

1. Plaintiff's Application to Proceed In Forma Pauperis (#1) is GRANTED. Plaintiff shall not be required to pre-pay the full filing fee of $350.00.

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

**IT IS RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief can be granted.

Dated this 26th day of January, 2009

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve specific written objections together with points and authorities in support of those objections, within ten (10) days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.